[S. F. No. 3474. In Bank.—October 8, 1903.]

## T. B. PRATT, Respondent, v. MARTIN W. O'NEIL, Appellant.

ELECTION CONTEST—TORN BALLOTS—PRESUMPTION.—Upon an election contest, torn ballots, in the absence of evidence to explain how or when they were torn, may be counted upon the assumption that they were torn after the voters delivered them to the election officers.

ID.—ERROR COUNTERBALANCED.—Where one ballot appears to have been improperly counted for the appellant, and another for the respondent, a correction thereof cannot alter the result of the election.

APPEAL from a judgment of the Superior Court of Contra Costa County. William S. Wells, Judge.

The facts are stated in the opinion of the court.

H. V. Alvarado, for Appellant.

A. B. McKenzie, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the contestant in an election contest. It was determined by the superior court upon a recount of the ballots that the contestant had received one more vote than the contestee for the office of justice of the peace.

The rulings of the court upon objections to eight ballots are brought before us for review, the appellant presenting six exceptions and the respondent two.

Two exceptions by appellant were to the counting of torn ballots. There was no evidence to explain how or when the ballots were torn, and the trial judge counted them upon the assumption that they were torn after the voters delivered them to the election officers. The ruling, we think, was correct.

As to the other six ballots, all were correctly counted or rejected except two. One of these, in the opinion of a majority of the court, was improperly counted for appellant and the other improperly counted for respondent. A correction of these mistakes leaves the result the same—the contestant has one majority.

The judgment is affirmed.